UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
CAPGEMINI U.S. LLC, individually and as assignee :
of claims of certain contractors of EC Manage Inc., : 10 CV 2486 (GBD)
and CAPGEMINI APPLICATIONS SERVICES LLC, :
: AFFIDAVIT FOR
                       Plaintiffs, : JUDGMENT BY DEFAULT
:
     -against- :
:
EC MANAGE INC. and TPX GLOBAL :
CORPORATION, :
:
                     Defendants. :
---------------------------------------------------------------- x

STATE OF NEW YORK      )
                                ) ss.:
COUNTY OF NEW YORK   )

        GERALD D. SILVER, being duly sworn, deposes and says:

        1.     I am a member of Chadbourne & Parke LLP, attorneys for plaintiffs Capgemini U.S. LLC, individually and as assignee of claims of certain contractors of EC Manage Inc., ("Capgemini"), and Capgemini Applications Services, Inc. ("Capgemini Applications Services", and, together with Capgemini, "Plaintiffs") in the above-entitled action. I am fully familiar with all the facts and circumstances in this action.

        2.     I make this affidavit, pursuant to Fed. R. Civ. P. 55(b)(2) and Rules 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, in support of Plaintiffs' application for the entry of a default judgment in the form annexed hereto as Exhibit 1 against defendants EC Manage Inc. ("EC Manage") and successor-in-interest TPX Global Corporation ("TPX Global") (collectively, "Defendants").

3. As set forth more fully in the Complaint in this action, a true and correct copy of which is annexed hereto as Ex. 2 (with exhibits), this is an action to recover monies due for breach of contract (see Complaint ¶¶ 10-27).

4. Jurisdiction of the subject matter of this action is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. Capgemini is a citizen of New York, New Jersey, Delaware and Illinois, and Capgemini Application Services is a citizen of New Jersey (Complaint ¶¶ 2-3). Defendants are both citizens of California (Complaint ¶¶ 4-5).

5. Pursuant to Article 13(I) of the subject Agency Agreement for North American Staffing Supplier Program by and between Capgemini and EC Manage (the "Agreement") (see Complaint ¶¶ 8-9 and Ex. A thereto), EC Manage consented to personal jurisdiction in New York. TPX Global has successor liability for EC Manage's contractual obligations under the Agreement and apparently does business in the State of New York (Complaint ¶¶ 8-9, 31-43). For these reasons, each of the Defendants is subject to personal jurisdiction in New York.

6. This action was commenced on March 18, 2010 by the filing of the Summons and Complaint. On March 19, 2010, EPS Judicial Process Service, Inc. served copies of the Summons and Complaint on Defendants by personal service on Robbie Chakraborty, Manager for EC Manage and TPX Global, pursuant to Fed. R. Civ. P. 4(h)(1). Proof of service was filed on March 30, 2010, as set forth in the annexed affidavits of service, true and correct copies of which are annexed hereto as Exhibits 3 and 4.

7. Despite proper service, Defendants have not answered the Complaint, and the time for Defendants to answer the Complaint has expired. The Clerk's Certificate of Default is annexed hereto as Exhibit 5.

8. As more fully set forth in the Complaint, Plaintiffs seek damages arising out of EC Manage's breach of the Agreement between EC Manage and Capgemini, wherein EC Manage promised to timely pay the fees of the consultants it staffed on Plaintiffs' technology consulting engagements. EC Manage failed to pay the consultants' fees -- despite being paid for such amounts by Plaintiffs.

9. As a result, in order to ensure that the consultants staffed by EC Manage continued to perform on Plaintiffs' client engagements, as well as to avoid impairing such engagements, Plaintiffs' client relationships, and damages to Capgemini's reputation, Plaintiffs had little choice but to mitigate its damages by paying former EC Manage consultants directly for their services -- despite the fact that Plaintiffs had already paid EC Manage for such contractors' services.

10. To date, Capgemini, on its own and/or through its affiliate Capgemini Application Services, has expended $1,338,852.10 ($481,819.21 + 857,032.93, respectively), as detailed in the charts prepared by Capgemini and annexed hereto as Exhibit 6.

11. As set forth in the Complaint, EC Manage has begun operating its business as TPX Global, in the same office as EC Manage and through the same management, Mr. Chakraborty (Complaint ¶¶ 2-4). Accordingly, TPX Global is liable as a successor to EC Manage.

WHEREFORE, Plaintiffs respectfully request the entry of Default Judgment against Defendants in the form annexed hereto as Exhibit 1.

_____
Gerald D. Silver

Sworn to before me this
4th day of October, 2010.

_____
Notary Public

MARITZA TORRES
NOTARY PUBLIC, State of New York
No. 01TO5085523
Qualified in Queens County
Commission Expires Nov. 4, 20 13