**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CAPGEMINI U.S., LLC, individually and as
assignee of claims of certain contractors of EC
Manage, Inc., and CAPGEMINI
APPLICATIONS SERVICES, LLC,

                         Plaintiffs,

        -against-

EC MANAGE, Inc., and TPX GLOBAL Corp.,

                       Defendants.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 28 2012

MEMORANDUM DECISION
AND ORDER

10 Civ. 2486 (GBD) (HBP)

GEORGE B. DANIELS, United States District Judge:

      Plaintiffs Capgemini U.S., LLC and Capgemini Applications Services, LLC brought this

action against defendants EC Manage, Inc. and TPX Global Corp. for breach of contract.

Plaintiffs allege that they contracted with EC Manage to provide consultants for Capgemini to

perform services for Capgemini and its clients, that Capgemini paid EC Manage, but that EC

Manage failed to pay the salaries of these consultants as its contract promised.  To mitigate

damage to its business, Capgemini alleges that it began to pay the consultants itself, and the

consultants assigned all of their claims for unpaid wages to Capgemini.

      On October 13, 2010, this Court entered default judgment for Capgemini against EC

Manage, Inc. and TPX Global Corp. as successor in interest to EC Manage, Inc., Defendants

having never responded to the Summons and Complaint. (Dkt. No. 13).  This Court then

referred the case to Magistrate Judge Henry B. Pitman for an inquest on damages.  Magistrate

Judge Pitman issued a Report and Recommendation ("Report") recommending an award of damages to Plaintiffs of $1,000,000 plus interest.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72 (b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his report, Magistrate Judge Pitman advised the parties that pursuant to 28 U.S.C. § 636(b)(1), failure to file timely objections to the Report would result in waiver of objections and preclude appellate review. No party objected to the Report. This Court adopts Magistrate Judge Pitman's Report in its entirety.

Magistrate Judge Pitman properly determined that New York choice of law rules should govern the damages calculation. A federal court is to apply the conflict of law rules of the state in which it sits in diversity cases. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). New York's conflict of law rules direct courts to apply the substantive law of the state

with the "most significant relationship to the transaction and the parties." Zurich Ins. Co. v. Shearson Lehman Hutton,Inc., 84 N.Y.2d 309, 317 (N.Y. 1994) (quoting the Restatement, Second, of Conflict of Laws, § 188). Here, the contract specified that New York law should apply and Capgemini's principal place of business is in New York.

Applying New York contract law, Magistrate Judge Pitman properly awarded Capgemini $1,000,000 in damages plus interest. In its complaint, Capgemini did not specify the precise amount of damages sought, but stated at several points that its demand was "an amount to be determined at trial, but not less than $1,000,000." (See, e.g., Compl. ¶¶ 27, 30, 44). It never specified any number higher than $1,000,000 in the complaint. Capgemini's Proposed Findings substantiated this loss with reasonable certainty. Although Capgemini's Proposed Findings requested $1,338,852.10, it was proper for Magistrate Judge Pitman to only award $1,000,000 because "the defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action." Silge v. Merz, 510 F.3d 157, 159 (2d. Cir. 2007).

Magistrate Judge Pitman properly awarded prejudgment interest. The complaint specified that it was seeking "not less than $1,000,000, plus interest and costs of collection. . . ." (See, e.g., Compl. ¶¶ 27, 30, 44). Under New York law, a plaintiff who prevails on a breach of contract claim is entitled to prejudgment interest as a matter of right. Hounddog Prods., L.L.C. v. Empire Film Group, Inc., 826 F. Supp. 2d 619, 630 (S.D.N.Y. 2011) (citing U.S. Naval Inst. V. Charter Comms., Inc., 936 F.2d 692, 698 (2d Cir. 1991). Magistrate Judge Pitman further properly determined that prejudgment interest should be computed from the date Capgemini filed the complaint, a reasonable intermediate date, because damages appear to have been incurred at

various times and the complaint is not precise about when those dates passed.  See C.P.L.R. §

5001; see also Conway v. Icahn & Co., 16 F.3d 504, 512 (2d Cir. 1994).

Finally, Magistrate Judge Pitman properly determined that TPX Global should be liable

as EC Manage's successor under the de facto merger doctrine.  The two companies share the

same ownership, management, physical location, and general business model, and TPX Global

came into existence at about the same time that EC Manage ceased functioning as a going

concern.  See New York v. Nat'l Serv. Indus., 460 F.3d 201, 209 (2d Cir. 2009) (describing the

factors courts use to determine whether a de facto merger has occurred, the most important of

which being continuity of ownership).


### Conclusion

Plaintiffs are awarded $1,000,000 in damages plus prejudgment interest at the statutory

rate (nine percent per year) calculated from March 18, 2010 until the entry of judgment.  The

Clerk of the Court is directed to close this case.


Dated: November 27, 2012
       New York, New York


SO ORDERED

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

4